## RODNEY M. ADAMS *versus* JONATHAN HAFFARDS.

The judgment of a court of admiralty upon a libel filed against the master of a
vessel by one of the crew, complaining of an assault and battery and imprison-
ment alleged to have been committed on the high seas, is not a bar to an action
by the mariner against the master in a court of common law, for an assault and
battery and imprisonment on shore in a foreign port in the course of the voyage.
In such action, the fact of the mariner's being found on shore by the mate, and
imprisoned by him, in pursuance of orders given upon the high seas by the mas-
ter, was considered to be immaterial; and an instruction to the jury, that if
any part of the acts which constituted this trespass and imprisonment were com-
mitted by the defendant on board the vessel, the court of admiralty might hold
jurisdiction of the plaintiff's complaint, was *held* to be erroneous.

TRESPASS against the defendant for assaulting and beating
the plaintiff on December 1, 1833, and imprisoning him in a
common prison, at Callao, in South America.

Adams
v.
Haffards.

In the Court of Common Pleas the defendant pleaded the general issue, and filed a brief statement of the following matters which he intended to give in evidence in his defence :

1. That an action for the same cause had been commenced against him by the plaintiff in the District Court of the United States for the district of Massachusetts, and a judgment rendered against him for damages and costs, which judgment he had paid and satisfied.

2. That the defendant, at the time &c., was master of the ship John Howland, and that the plaintiff had entered as a mariner on board of that ship for the voyage or cruise in which she was engaged, and just before the 1st of December the plaintiff deserted, and the mate, by the orders of the defendant, went in search of the plaintiff and found him on shore in Callao, and by the aid of the civil authorities caused him to be arrested and confined in prison, until he could be brought on board of the ship and be there safely kept ; all which was warranted by the law of the place.

It appeared in evidence, that the plaintiff entered as a mariner on board the ship John Howland, commanded by the defendant, for a voyage from New Bedford to the Pacific Ocean and back to New Bedford ; that he deserted while the ship was in the harbor of Callao ; that the mate, by the orders of the defendant, went in search of the plaintiff and found him in Callao, and caused him to be imprisoned in the common prison in that place, and kept him in prison for four days, when he was carried on board of the ship. After the plaintiff returned from the voyage he filed a libel against the defendant in the District Court of the United States, in which he complained that the defendant, on the high seas, beat and abused him through the whole voyage, and on divers days and times during the voyage imprisoned him, put him in irons, and inflicted many acts of violence on his person. On the trial of the libel the defendant was found guilty, and judgment was rendered against him for damages and costs. Though the plaintiff alleged in his libel, that the defendant, during the voyage, imprisoned him, put him in irons, and beat him at several different times, nothing was expressly alleged as to imprisoning him at Callao.

There was no evidence that the defendant was at any time on shore in Callao, or had any agency in imprisoning the plaintiff there, except giving the orders to the mate.

The plaintiff insisted, in the trial of this action, that the imprisonment of the plaintiff in Callao being on shore, the admiralty court had no jurisdiction of this cause of action, and that his complaint in this respect would not be merged in the judgment of the District Court ; and that having proved that he was imprisoned in Callao by the orders of the defendant, he was entitled to recover damages in this action for that injury.

*Ward*, C. J. of the Common Pleas, instructed the jury, that if any parts of the acts which constituted the trespass and imprisonment, of which the plaintiff complained, were committed by the defendant on board the ship, the court of admiralty might hold jurisdiction of the complaint ; and that the cause of the present action was merged in the judgment which the plaintiff obtained in the District Court, inasmuch as the allegations in his libel were sufficient to embrace it ; that there being no positive evidence where the defendant was, when he gave the orders to the mate to arrest and imprison the plaintiff, it was open to them to presume that he was on board of the vessel, in the absence of all evidence that he had ever been on shore in Callao, where the plaintiff alleged that he was imprisoned.

To these instructions the plaintiff filed exceptions.

*F. Hilliard*, in support of the exceptions, cited *Thomas* v *Lane*, 2 Sumner, 9 ; 2 Brown's Civ. and Adm. Law, 110, Dunlap's Adm. Pract. 43 ; 2 Doug. 615.

*Marc*

*C. P. Curtis* and *B. R. Curtis contra*, cited to the point, that if the act of the defendant was done partly at sea and partly on shore, the court of admiralty had jurisdiction, *De Lovio* v. *Boit*, 2 Gallis. 435 ; *Clark* v. *United States*, 2 Wash. C. C. R. 522 ; *Plummer* v. *Webb*, 4 Mason, 384 ; *Moxon* v. *The Fanny*, 2 Peters's Adm. Decis 324 ; and to the point, that the plaintiff having filed his libel in the admiralty court for this same wrong, and recovered judgment there and received satisfaction, was estopped to deny the jurisdiction of that court, *Lucking* v. *Denning*, 1 Salk. 201 ; *Schaeffer* v. *Kreitzer*, 5 Binney, 430 ; *Patterson* v. *United States*, 2 Wheat. 226.

The payment under the decree of the District Court should be regarded as an accord and satisfaction.

PUTNAM J. delivered the opinion of the Court. The proceedings in the admiralty court would undoubtedly preclude the plaintiff from maintaining any action for damages in a court of common law, for any of the trespasses which were committed upon the high seas. But we think it is equally clear, that if other trespasses were committed on shore, the plaintiff is not precluded by those proceedings from proving the fact and recovering damages for the injury. The declaration is for a trespass committed by the defendant on the plaintiff on shore. " In all matters of tort, locality is the strict limit," says Brown, on admiralty jurisdiction. 2 Brown's Civ. and Adm. Law, 110. " In torts, locality ascertains the judicial power." Ibid. " They (torts) cannot, like contracts, relate some to terrene, and some to marine affairs ; nor have a double aspect like them, which, though made on land, may relate entirely to the sea." And we have great pleasure in citing the opinion of the learned judge of the United States Circuit Court for this district, to the same point. That eminent jurist has not waived any jurisdiction in admiralty. In regard to torts, (he says,) " the admiralty has not, and never (I believe) deliberately claimed to have any jurisdiction, except such as are maritime torts, that is, such as are committed on the high seas, or on waters within the ebb and flow of the tide." *Thomas* v. *Lane,* 2 Sumner 9. " And the difficulty (in the case then under consideration) is increased by the fact, that the gravamen is mixed up with a tort, of which the court clearly has not jurisdiction, *that is to say, the imprisonment on shore ;* and the frame of the libel does not admit, even if the court were at liberty to unravel it, of a perfect separation of one part of the charge from another." Ibid. 10.

The statutes of 13 *Ric.* 2, *stat.* 1, *c.* 5, and 15 *Ric.* 2, *c.* 3, were made to repress the encroachments of the court of admiralty, especially of the instance court.

The preamble of the former statute complains of the admirals " accroaching " to themselves greater authority than belonged to their office, in prejudice of the king, and the common law of the realm &c., and in destruction and impov-

erishing of the common people, and the statute provides that from thenceforth they shall not meddle of any thing done within the realm, but only of a thing done upon the sea. And the latter statute provides, that all manner of contracts, pleas, and quarrels, and all other things done or rising within the bodies of counties, as well by land as by water, shall be tried, determined, discussed and remedied by the laws of the land, and not before nor by the admiral nor his lieutenant in any wise.

We need not in the case at bar discuss the question, whether or not the jurisdiction of the instance court of admiralty extends to the tide waters *in foreign* countries, inasmuch as the libel states that the torts therein complained of were done upon the high seas. Taking the fact to be so, we do not perceive how a recovery of damages for those, should preclude the party from suing and recovering damages for other torts committed by the defendant against the plaintiff on shore.

It appears from the evidence, that the plaintiff deserted from the ship which was commanded by the defendant, while she lay in the harbor of Callao, and that the mate of the ship, by the orders of the defendant, went in search of the plaintiff, found him in Callao, and caused him to be imprisoned in the common prison in that place, and kept him in prison for a few days, when he was carried on board the ship.

Now the act of the mate done by the command of the defendant, is to be considered as done by the defendant himself. The circumstance that the defendant stood upon the deck of his ship, which was alleged to be upon the high seas, when he gave the command to the mate to do the things on the land to the plaintiff of which the plaintiff now complains, seems to be wholly immaterial. If the captain, in pursuance of a resolution formed on board the ship, had gone ashore and with his own hands had beaten the plaintiff, the case would not have fallen within the jurisdiction of the admiralty. And we cannot suppose that the judge sitting in the admiralty would have permitted evidence to be given of a tort committed on the land, in support of a libel alleging a tort upon the person committed on the high seas. After sentence, it is to be presumed that the *allegata* and *probata* coincided.

<div style="margin-left: margin">Adams
v.
Haffards.</div>

We think that the learned judge of the Common Pleas erred in his direction to the jury, that if any parts of the acts which constituted the trespass and imprisonment were committed by the defendant on board of the vessel, the court of admiralty might hold jurisdiction of the plaintiff's complaint. It is not like the question of prize or no prize ; which may be of goods taken on land, as well as on the sea ; but it is the case of a personal trespass or tort. The admiralty had jurisdiction only touching the trespass which was committed on the high seas, but not of that which was committed on shore. And for that injury it is, that the plaintiff complains to the courts of the common law. And it seems to us to be very clear, that the cause of action which the plaintiff sets forth in his declaration, was not merged in the judgment of the District Court, the trespass in that case being alleged to have been committed upon the high seas, and the one now in question being alleged to have been committed upon the land.

The whole Court are of opinion, that the verdict should be set aside and a new trial had before the Court of Common Pleas.